## PHILLIPS v
## SEVENTH WARD LOAN & BLDG CO et

Ohio Appeals, 1st Dist, Hamilton Co

No 5011.   Decided March 9, 1936

704

August A. Rendigs, Jr., Cincinnati, and William H. Fry, Cincinnati, for plaintiff in error.

Richard Remke, Cincinnati, and Leonard J. Dempsey, Cincinnati, for defendant in error Robert Schuman.

Ireton & Schoenle, Cincinnati, for defendant in error, The Seventh Ward Building & Loan Co.

## OPINION

By ROSS, P.J.

Phillips has filed these proceedings in error, and seeks in the language of his counsel "the reversal of the judgment of the Common Pleas Court and the affirmance of the judgment of the trial court, holding both defendants liable at law for the happening of the accident which occasioned the damages to plaintiff's property."

The only possible prejudice Phillips can assert as against the judgment of affirmance of the Court of Common Pleas against him is that the plaintiff in the original action might have seen fit to proceed against his co-defendant, if such judgment had not been reversed by the Court of Common Pleas. Certainly, a most speculative contingency. On the other hand, he saw fit to fail to join in a request for a reversal of the judgment of the Municipal Court, knowing that what did happen was not beyond the realm of reasonable possibility. Now when he finds himself alone as the remaining judgment debtor, he seeks not to have the judgment of affirmance of the Court of Common Pleas set aside, but the judgment of reversal in favor of his co-defendant set aside. We find ourselves at a loss to support such a claim for relief.

The plaintiff in error here, Phillips, is not complaining of the judgment of affirmance against him, but only of the judgment of reversal against his co-defendant, and still more remarkable, although both the original plaintiff and his co-defendant are made defendants in error, yet the plaintiff is not complaining of the reversal and has filed no cross-petition in error.

In effect the plaintiff in error here Phillips now seeks in this court to do that which he should have done in the Court of Common Pleas, although it hardly seems reasonable that he there would have besought that court to affirm a judgment against both himself and co-defendant.

Under the circumstances, we find no occasion to disturb the judgment of the Court of Common Pleas and its judgment is therefore affirmed.

MATTHEWS and HAMILTON, JJ, concur.